UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Kaloni Goodley, | |
| Plaintiff, | Civil No. 3:24-cv-00948 (SRU) |
| v. | |
| Martin et al., | June 10, 2024 |
| Defendants. | |

**RULING AND ORDER ON
MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

**I. INTRODUCTION**

Ordinarily, a plaintiff who files a civil complaint must pay the court filing and administrative fees totaling $405. *See* 28 U.S.C. § 1914. The issue here is that the plaintiff, Kaloni Goodley, has moved for leave to proceed *in forma pauperis* (IFP). In other words, he has asked the Court for permission to start a civil case without pre-paying the customary filing fee. A federal law permits him to do so if, among other things, he submits an affidavit listing his assets and showing that he is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1). Under the 1996 Prison Litigation Reform Act, prisoners are only eligible for a payment plan for court costs rather than a full waiver. *See* 28 U.S.C. § 1915(b).

**II. LEGAL STANDARD**

**A. Procedural Criteria to Advance a Case *In Forma Pauperis***

To proceed in IFP status, a party must meet both procedural and substantive criteria. To satisfy the procedural criteria, a party must provide the court with the correct forms. 28 U.S.C. §

1915 provides that a prisoner may commence a civil action without pre-paying fees if he files an affidavit indicating he is unable to pre-pay the fees, and additionally "submit[s] a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

### B. Substantive Criteria to Advance a Case *In Forma Pauperis*

When considering the substantive criteria, courts often grant motions to proceed IFP where the plaintiff demonstrates that he cannot simultaneously afford to pay for his basic needs and the litigation fees.  The United States Supreme Court has held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted).  The Second Circuit has upheld the principle that a plaintiff seeking IFP status need not prove he is destitute.  *Rosa v. Doe*, 86 F.4th 1001, 1005 (2d Cir. 2023); *Potnik v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).  A court should grant a motion to proceed IFP so long as the affidavit and certified trust account statement submitted by the plaintiff confirm he is unable to both pre-pay the cost of litigation and provide for basic needs.

## III. DISCUSSION

### A. Mr. Goodley Has Met the Procedural Criteria Under 28 U.S.C. § 1915

In this case, Mr. Goodley has provided the necessary documents outlined in 28 U.S.C. § 1915(a)(2).  His affidavit is complete, and he has provided a certified copy of his trust account

statement. By meeting this procedural standard for an IFP motion, we may now turn to the substantive issue of whether he qualifies for IFP status based on his statements.

### B. Mr. Goodley Has Met the Substantive Criteria Outlined by the Courts

Mr. Goodley's current trust account has a balance of $22.13. (ECF no. 4, at 1.) While he does receive deposits ranging from $20 to $100, at no point in the last six months has his trust account balance exceeded $210.05. (ECF no. 4.) Mr. Goodley states that he pays $50 for food and $50 for cosmetics each month as necessities for life. (ECF no. 3, at 3.) He states in his affidavit that he has no income, no assets of significant value, nor money in a checking or savings account. (ECF no. 3, at 2, 3.) Mr. Goodley's affidavit paired with his trust account statement demonstrate that he meets the standard outlined in *Adkins*, showing an inability to pre-pay the filing fee while continuing to afford the necessities of life not provided to him by the Department of Corrections.

### IV. CONCLUSION

The Court concludes that Mr. Goodley is unable to pre-pay the required filing fees without interfering with his ability to afford basic needs. It therefore **GRANTS** his motion to proceed in forma pauperis.

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge